UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America,<br><br>　　　　　Respondent/Plaintiff,<br><br>　　v.<br><br>Clinton Wayne Warrington,<br><br>　　　　　Petitioner/Defendant. | Case No. 2:18-cr-00146-KJD-NJK<br>No. 2:20-cv-01150-KJD<br><br>**<u>Order</u>** |

Presently before the Court is Petitioner's Amended Motion to Vacate, Set Aside, or Correct Conviction and Sentence under 28 U.S.C. § 2255 (#61). The Government filed a Motion in opposition (#101), to which Petitioner replied (#102).

I.　　Factual and Procedural Background

Clinton Warrington ("Warrington" or "Defendant") was convicted, on his guilty plea, of unlawful possession of a firearm by a previously convicted felon. He now requests that the Court vacate his sentence under 28 U.S.C. § 2255, asserting that his indictment and subsequent conviction are invalid.

Warrington has a lengthy criminal history, dating back to 2007 at age 16. Over the next 10 years, Warrington was convicted of various offenses including malicious destruction of property, obstructing a peace officer, possession of a stolen vehicle, and burglary. (PSR). In 2011, he was sentenced to 12-36 months in prison for the felony convictions of possession of a stolen vehicle and burglary. <u>Id.</u>

In September 2018, Warrington pleaded guilty according to a plea agreement with the Government, to unlawful possession of a firearm by a previously convicted felon. (#39). In the plea agreement, Warrington admitted that he knowingly possessed the firearm, and that when he did, he had been previously convicted of a crime punishable by a term of imprisonment

exceeding one year. (#39, at 4).

In March 2019, this Court sentenced Warrington to 36 months of imprisonment, followed by three years of supervised release. (#47). Warrington's imprisonment was to run concurrently with his state felony convictions of bomb threat and assault with a deadly weapon. Id. Warrington did not appeal, and his conviction became final on March 7, 2019.

On June 3, 2021, Warrington filed this amended motion to vacate, arguing that the indictment was defective because it "failed to allege any *mens rea* for the status bar element of his prior convictions." (#61, at 8).  Warrington argues, that under Rehaif, the Government is required to prove that Mr. Warrington knew he was status bared from possessing a firearm, and that they failed to do so. Id. at 8-9.

II.     Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "[w]however knowingly violates" § 922(g). Before June 2019, courts treated the knowledge requirement in § 924(a)(2) as applying only to the defendant's possession of a firearm or ammunition, not to the fact that he fell within the relevant enumerated category. But on June 21, 2019, the Supreme Court issued its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), holding that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a § 922(g) offense. Id. at 2194. This decision applies to all § 922(g) categories, including felons under § 922(g)(1). A felon is one who has been convicted of a crime punishable by more than one year of imprisonment.

In Rehaif, the Supreme Court stated:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

Id. Rehaif does not stand for the proposition that the government must prove the defendant knew his possession of the firearm was unlawful. Rehaif requires proof of the defendant's felonious status. So, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that (1) the defendant knew he possessed a firearm and that (2) he knew he belonged to the relevant category of persons barred from possessing a firearm. See id. at 2200. To hold otherwise would mean that pure ignorance of the United States Code was a sufficient defense.

The Supreme Court also recently held that "[i]n felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Greer v. United States, 141 S. Ct. 2090, 2093 (2021). The Court held that for the felons-in-possession in that case, they must have shown that had the Rehaif errors been correctly advised, there was a "reasonable possibility" they would been acquitted or not have plead guilty. Id. The Court held that it was unlikely they would have carried that burden because both had been convicted of multiple felonies before and those "prior convictions are substantial evidence that they knew they were felons." Id. The Court also rejected the argument that a Rehaif error is a structural one that requires automatic vacatur and held that "Rehaif errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" Id., quoting Arizona v. Fulminante, 499 U.S. 279, 306 (1991).

III.     Analysis

Warrington asserts that in light of Rehaif, his sentence is unconstitutional and must be vacated because (1) his conviction was based on a faulty indictment; and (2) he lacked the knowledge that he was barred from using a gun for his employment at a shooting range. (#61, at

8-10). The Government argues that Warrington's claims are meritless, as he suffered no prejudice from the error, and that he procedurally defaulted his claims by failing to raise them on direct appeal. (#101, at 1-2).

### A. Rehaif Error

Warrington argues that because his "conviction was based on an indictment which failed to allege any *mens rea* for the status bar element of his prior convictions," his conviction should be vacated. (#61, at 8-9). Warrington further argues that this failure constituted plain error, which "seriously impacted the fairness and integrity of the proceedings[.]" Id. at 11. To succeed on his plain error claim, Warrington must show that: (1) the proceedings below involved error; (2) the error is plain; (3) the error affected his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Espinoza, 816 Fed. Appx. 82, 84 (9th Cir. 2020). The Ninth Circuit has recently held, in light of Rehaif, that when an indictment fails to charge a defendant with knowledge of his status, the omission amounts to plain error. See United States v. Door, 996 F.3d 606, 621 (9th Cir. 2021). However, regardless of this error, Warrington has failed to establish the remaining elements.

As stated above, "[t]o satisfy the substantial rights prong, . . . [Warrington] must show that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty. Greer, 141 S. Ct. at 2093. Warrington argues that had "Rehaif been decided at the time of his court case then he would have maintained his innocence – [and that] he did not know his status prohibited him from using a gun at the shooting range that he did not own, in his capacity as an employee." (#61, at 10-11). This argument is unpersuasive. Warrington stipulated in his guilty plea that he had the rifle in his possession and that at the time of his possession he had been convicted of one or more criminal offenses punishable by imprisonment for over one year. (#39, at 4). Previously, Warrington had been sentenced to 12-36 months in prison for the felony convictions of possession of a stolen vehicle and burglary. (PSR). Therefore, "it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the Rehaif error, the outcome of the district court proceedings would have been different." Greer, 141 S. Ct. at 2097.

Lastly, Warrington argues that he "did not own the gun or possess it outside the shooting range; he was simply using it to make a promotional video, in what he believed to be a legal manner." (#61, at 10). "A showing of actual, constructive or joint possession is sufficient to establish the possession element of a section 922(g) offense." United States v. Carrasco, 257 F.3d 1045, 1049 (9th Cir. 2001) (citation omitted). As part of its investigation, the FBI uncovered photographs and videos which displayed Warrington shooting multiple firearms at a shooting range in Las Vegas. (PSR). In addition, Warrington stipulated in his guilty plea that on June 11, 2016, he fired an AR-15 rifle at a commercial range in Las Vegas. (#39, at 4). As such, a jury could easily find that Warrington had actual possession of a firearm in violation of 922(g) and 924(a).  Here, Warrington has not carried the burden of showing that the Rehaif error affected his substantial rights and as per Greer, his sentence will not be vacated.

IV.     Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Warrington has not met his burden in demonstrating that there was any reasonable probability that he did not know that he was a felon and, therefore, prohibited from possessing a firearm.

V.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Conviction and Sentence under 28 U.S.C. § 2255 (#61) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:20-cv-01150-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

Dated this 7th day of August 2023.

_____
Kent J. Dawson
United States District Judge